**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| A.R., AN INDIVIDUAL,<br>Plaintiff,<br>against<br>G6 HOSPITALITY PROPERTY LLC<br>Defendant | CIVIL ACTION NO:<br><br>**COMPLAINT** |

COMES NOW the Plaintiff A.R., by and through the undersigned counsel, and respectfully submits her Complaint for damages and makes the following averments.

## INTRODUCTION

1. This action for damages is brought by A.R. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. G6 HOSPITALITY PROPERTY LLC., ("Defendant") was the owner and operator of the subject premises and subject hotel, doing business as Motel 6 and located at 2760 Cleveland Avenue, Santa Rosa, California 95403 during the relevant time period in 2015 and 2016 and as such responsible for the subject hotel during the time period Plaintiff was sex trafficked on said premises.

3. During the relevant time period, Defendant was owner of the subject premises located at 2760 Cleveland Avenue, Santa Rosa, California 95403.

4. During the relevant time period, Defendant was operator of the subject premises located at 2760 Cleveland Avenue, Santa Rosa, California 95403.

5. Plaintiff meets the definition of a sex trafficking victim as she was induced by force, fraud, and coercion by her trafficker to engage in commercial sex at Defendant's hotel in 2015 and 2016; during the time Defendant owned and operated the subject hotel.

6. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. *See* 18 U.S.C. § 1591. Separately, §1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. *See* 18 U.S.C. §1595(a). More specifically, §1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated §1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated §1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate §1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil defendant.

## PARTIES

7. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address is not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

8. Plaintiff is currently a resident of California.

9. Plaintiff was born in 1993.

10. At all times relevant and material, Defendant owned and operated hotels doing business as Motel 6 and located at 2760 Cleveland Avenue, Santa Rosa, California 95403 and

was authorized to do, licensed to do, and was doing business in the aforesaid State offering the subject hotel as a place of public lodging.

11. The principal place of business of Defendant is 4100 International Pkwy, Carrollton, TX 75007.

## JURISDICTION AND VENUE

12. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Count asserted in this action occurred in the judicial district where this action was brought, and/or Defendant conducts business within this District pursuant to 28 U.S.C. § 1391(b).

14. The principal place of business of Defendant G6 HOSPITALITY PROPERTY LLC is located at 4100 International Pkwy, Carrollton, TX 75007 within the Eastern District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

15. As the hotel owner and hotel operator during the relevant time period for the subject property, Defendant G6 HOSPITALITY PROPERTY LLC, (headquartered at 4100 International Pkwy, Carrollton, TX 75007, within the Eastern District of Texas), controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject property where Plaintiff was sex trafficked.

## CAUSE OF ACTION

## VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

16. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against Defendant.

17. At all relevant times, Defendant, as owner and operator, was involved in the staffing and operation of Defendant's hotel where Plaintiff was trafficked for sex during the relevant time period of Defendant's ownership in 2015 and 2016.

18. Plaintiff was trafficked by a trafficker with name or nickname “Clor”; whether this is a true legal name is unknown.

19. In order to induce Plaintiff by force, fraud and coercion to engage in sex with sex buyers at the subject hotel, her trafficker used various means to do so including (a) trafficker instilled in Plaintiff the fear of severe bodily injury and fear of death if trafficker's directives were not complied with; (b) psychological coercion; and (c) other means of force, fraud and coercion used by the trafficker of Plaintiff to induce her to have sex with sex buyers at Defendant's hotel.

20. Rooms rented for use for the sex trafficking of Plaintiff on Defendant's subject premises were rented by the trafficker or at the direction of the trafficker.

21. Discovery will inform whether the trafficker, (or individuals at the trafficker's direction), booked rooms at the subject hotel that were used for the sex trafficking of the Plaintiff in violation of the TVPRA:

a. Under the registrant's proper legal name or a false name;

b. Whether cash, prepaid card, debit card or credit card was used at the time of respective booking or renewal; and

c. Whether staff of Defendant required for each booking that the renter show their identification.

22. Defendant knowingly benefited from the sex trafficking of Plaintiff at Defendant's hotel by receiving payment for the rooms rented by her trafficker (or at the direction of her trafficker) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA in 2015 and 2016.

23. Defendant rented rooms to individuals it knew or should have known were engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

24. Plaintiff's trafficker used proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for rooms rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

25. Plaintiff was advertised by her trafficker online for sex which was to occur at the subject hotel including on Backpage and on other sites.

26. In addition, Defendant received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was advertised by her trafficker online) and from such Wi-Fi service Defendant, upon information and belief, received financial benefit.

27. During the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker that violated the TVPRA as to the Plaintiff herein.

28. Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

29. Defendant operating the subject hotel and renting out rooms to Plaintiff's trafficker was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

30. Defendant G6 HOSPITALITY PROPERTY LLC's association with the Plaintiff's sex trafficker was a venture because Plaintiff's trafficker had prior commercial dealings with said Defendant at the subject hotel premises by means of rooms repeatedly rented by the trafficker (or at the direction of the trafficker) during the time period of Plaintiff's trafficking, which Defendant knew, or should have known, were being used for the sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

31. Defendant's repeated rental of rooms to Plaintiff's trafficker (or an individual renting at the direction of the trafficker), at the subject hotel, was not a standard arm's length transaction, but rather the repeated room rental transactions which occurred during time that Plaintiff was trafficked at the subject hotel, were colored by overt indicators of sex trafficking such that Defendant knew, or should have known, that Defendant was renting rooms to individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

32. A continuous business relationship existed between Defendant's hotel, its agents, employees and staff, and Plaintiff's trafficker's sex trafficking business, in part, in that Defendant provided assistance, support, or facilitation to the Plaintiff's trafficker by repeatedly renting rooms to individuals they knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to the Plaintiff herein; and in doing so facilitated the venture's success.

33. Defendant knowingly benefited from this venture, or enterprise, involving risk and potential profit, which was in violation of the TVPRA as to the Plaintiff herein, by receiving payment for the rooms rented by Plaintiff's trafficker (or at the direction of her trafficker) that were used for sex trafficking, including as to the Plaintiff, in 2015 and 2016.

34. Defendant participated in a venture by operating the subject hotel that rented rooms to individuals that said Defendant knew or should have known were involved in sex-trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

35. Defendant participated in a venture that said Defendant knew or should have known was trafficking Plaintiff at Defendant's hotel in violation of the TVPRA.

36. This Defendant knew or should have known that the undertaking or venture violated the TVPRA as to the Plaintiff.

37. Defendant knew or should have known about the nature of the sex trafficking occurring at Defendant's hotel, including as to the Plaintiff, a victim, due to the many red flags then and there existing, including but not limited to:

a. Constant foot traffic of sex buyers to the trafficker's rented rooms to have sex with Plaintiff;

b. Branded trafficker tattoo on her neck;

c. Plaintiff would, at times, walk around hotel grounds in sexually explicit clothing, with branded tattoo on her neck and under influence of drugs;

d. Plaintiff would, at times, interact with Defendant's staff in sexually explicit clothing, with branded tattoo on her neck and under influence of drugs;

e. Inside the hotel room rented by the trafficker (or at the direction of the trafficker) there were suspicious people and suspicious items including condoms, sexually explicit clothing, cash which was observed by housekeeping staff or should have been so observed;

f. Plaintiff's room exhibited signs of commercial sex work;

g. Google Review dating back ten years: "DO NOT GO TO THIS MOTEL unless you are a junkie or a prostitute. I would have preferred to spend the night in jail. At least there are guards and a free meal in jail."

h. Other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel.

38. Defendant's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including items set forth in paragraph 37 above.

39. When being trafficked at the subject hotel in 2015 and 2016 during this Defendant's ownership, Plaintiff interacted with Defendant's staff on a frequent basis, and Defendant's staff witnessed and observed Plaintiff, her trafficker as well as a frequent procession of sex buyers going in and out of the subject rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the subject premises.

40. Plaintiff knows that some of the individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe/nametag/hotel logo and/or by means of a staff member being in an employee restricted area.

41. Defendant's involvement and failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at this subject hotel and suffering personal injury and the trauma physically and mentally of being induced to engage

in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm or death if she did not comply as well as all residual injuries suffered by PTSD.

42. This Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to, (1) guest visibly under the influence of drugs or alcohol, (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes, (4) guest uses hotel amenities and premises for unlawful acts, (5) guest brings in extra unregistered guests, (6) guests behavior reasonably disturbs other guests (7) guest violates other rules set by the hotel and (8) for other indicated reasons.

43. Plaintiff being sex trafficked at this subject hotel was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries including the horror of being a victim of sex trafficking as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects daily functioning.

44. As a direct and proximate result of Defendant's involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's hotel in violation of the TVPRA.

45. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. §1591.

## TOLLING OF LIMITATIONS

46. Plaintiff was under the control, coercion, and manipulation of her trafficker through at least 2016, and as a result, Plaintiff lacked the information and capacity to understand her injuries and their legal causes.

47. Thus, Plaintiff did not discover and could not reasonably have discovered the legal cause of her injury—through no fault of her own—and lacked the information and understanding to bring a claim because she did not know both her injury and the cause of her injury. This lack of information was a direct result of Plaintiff being kept under the control, coercion, and manipulation of her trafficker, which Defendant facilitated.

48. At the time Plaintiff was harmed, she did not know that she was the victim of human trafficking as that term is defined by law, that her injury arose from being "trafficked" at Defendant's hotel or that she was a person "trafficked," much less that she was the "victim" of a legal venture involving Defendant, and she did not discover and was not in a position to discover the legal cause of her injury for years after her trafficking ended.

49. To the extent Defendant asserts an affirmative defense of limitations, Plaintiff invokes the doctrine of equitable tolling because, as a result of being a victim of trafficking, faced extraordinary circumstances, which arose through no fault of her own, that prevented her from filing a lawsuit, and those circumstances did not end more than 10 years before Plaintiff filed this lawsuit.

50. While under the control of her trafficker through at least 2016, Plaintiff did not have the freedom to investigate her claims, to identify those responsible, or to seek legal representation necessary to pursue her legal rights. Plaintiff could not have pursued her claims while under the active control of her trafficker despite the exercise of ordinary diligence.

51. To the extent Defendant asserts an affirmative defense of limitations, Plaintiff invokes the continuing violation doctrine because this lawsuit arises out of a pattern of continuous and ongoing tortious conduct by Defendant.

52. Plaintiff was subject to continuous trafficking at the subject hotel through at least 2016, which is not more than 10 years before Plaintiff brings this lawsuit.

53. This continuous trafficking resulted from Defendant's facilitation of trafficking at the subject hotel as described above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a) All available compensatory damages for the described losses with respect to the above cause of action;

b) Past and future emotional distress;

c) Consequential and/or special damages;

d) All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e) Physical pain and suffering;

f) Disgorgement of profits obtained through unjust enrichment;

g) Restitution;

h) All damages allowable under the TVPRA;

i) Reasonable and recoverable attorney's fees;

j) Punitive damages with respect to each cause of action;

k) Costs of this action; and

l) Pre-judgment and all other interest recoverable.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: January 21, 2026

**RESPECTFULLY SUBMITTED,**

/s/ Jason Byrd
THE BYRD LAW FIRM
448 Orleans
Beaumont, TX 77701
Telephone: (409) 924-0660
Facsimile: (409) 924-0035
jason@txbyrd.com

Randolph Janis
Randolph Janis, Esq.
DOUGLAS AND LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

Chloe Makowsky
Chloe Makowsky, Esq.
DOUGLAS AND LONDON, P.C.
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
cmakowsky@douglasandlondon.com

***Attorneys for Plaintiff***